**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41589
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID JUAREZ-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-836-ALL
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Juarez-Perez (Juarez) appeals his conviction for

possession with intent to distribute marijuana.  Juarez appeals

the denial of his motion to suppress, arguing that the district

court failed to apply the correct legal standard by virtue of its

failure to make the findings necessary to deny the motion, i.e.,

that Juarez initiated further contact with the agents and that he

knowingly and voluntarily waived the right to counsel.

Once an accused has invoked his right to counsel, his

responses to further police questioning are admissible only after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a finding that he "'(a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked.'" United States v. Cruz, 22 F.3d 96, 98 n.6 (5th Cir. 1994) (quoting Smith v. Illinois, 469 U.S. 91, 95 (1984)). The district court did not explicitly rule whether Juarez or the DEA agents initiated discussion of his case; nevertheless, we will assume that the district court impliedly found that Juarez initiated the conversation because such finding is essential to the constitutional inquiry and, additionally, is supported by Agent Melvin Sinoben's testimony and the waiver form. See Reich v. Lancaster, 55 F.3d 1034, 1057 (5th Cir. 1995). To the extent that Juarez's testimony conflicted with that of Sinoben on this issue, we assume that the district court accepted the Government's version of events as more credible. See United States v. Santiago, 410 F.3d 193, 198 (5th Cir. 2005), cert. denied, 126 S. Ct. 1565 (2006).

Our review of the record indicates that Juarez did not raise the issue whether he voluntarily waived his right to counsel in the district court. That issue is therefore waived. See United States v. Pope, 467 F.3d 912, 920 (5th Cir. 2006).

AFFIRMED.